### SMITH'S HEIRS vs BLUNT.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

Nullity does not result from the failure to annex copies of authentic acts to a petition.

The affidavit required when the mortgagee proceeds by the *via executiva* against a third possessor, is not required in the *Juicio ordinario*.

The plaintiffs set forth in their petition, that certain slaves upon which they had a mortgage, had come by purchase or otherwise, into the hands of the defendant, who claimed them as owner and third possessor. That they had instituted proceedings against the defendant, preparatory to having seizure and sale of the slaves, and caused the necessary notices to be served on the heirs of the original debtor, and also on the defendant, but that before the order was granted, the defendant had caused the slaves to be removed without the jurisdiction of the court. They prayed that the defendant be ordered to bring back the slaves and surrender them on the order of seizure, or decreed to pay the amount due on the mortgage. The court below dismissed the suit on the exception taken by the defendant. That the plaintiffs had not annexed to their petition an affidavit that the debt was due and unpaid, and the demand and notices served upon the heirs of the original debtor and upon the defendant, although the plaintiff alleged that the necessary notices and affidavit were made in the original proceedings for order of seizure and sale, and offered to shew the same on the trial of the cause. From this judgment the plaintiffs appealed.

*Pierce* for appellant. *Downs* for appellee.

*Porter J.* delivered the opinion of the court.

The petitioner states that he has a mortgage on certain

slaves, once the property of Henry Sterling, which came into the possession of the defendant by purchase or otherwise, and that he claimed them as third possessor.

That he instituted proceedings against the defendant, preparatory to the seizure and sale of the slaves, but before the order was granted he removed them out of the jurisdiction of the court, and prevented the execution from being carried into effect.

The petition concludes by a prayer that the defendant may be compelled to bring the property back, or pay the amount due on the mortgages.

A variety of exceptions were filed to the petition. Several of them are *so* devoid even of plausibility, that no argument has been offered in support of them, and the. time of this court is too much required for matters demanding all its attention, to be occupied in setting out such objections at length and demonstrating their incorrectness. There are two, however, which require attention :

One is, that the authentic and public acts on which the action is brought, are not filed with the petition. *Code of Practice*, 174.

The other is, that the plaintiffs have not in their petition made oath that the debt is really due and unpaid, and that payment has been in vain demanded of the debtor, 30 days before bringing the suit. : *Brussard vs. Phillips*, 6 *N.S.* 309. *Code of Practice*, 68, 69, 70.

On the first point we are of opinion that, even under the Code of Practice, nullity does not result from the failure to annex copies of authentic acts to a petition. It is true the code uses the word *must*, but that expression must be construed in relation to the subject matter, and so as to carry into effect what must be believed the intention of the law maker. There are various passages in the code where this term is used, and where no such consequence as is contended for in this instance can follow the failure to adopt it. We

take one which presents itself *on the same page*, which con tains the 174 article cited in argument. The 172 article, sect. 4, declares that a petition *must not contain insulting or impertinent expressions.* Pleadings containing offensive matter of this kind, would not be null and of no effect. The remedy would be to have the improper language stricken out at the costs of the party using it. Leaving that which was correct and decorous, to have its legal effect. So in the instance before us, we cannot think it was the intention of the legislature to have a petition dismissed, because the plaintiff neglected to file copies of authentic acts. That conclusion could only be reached, by considering the petition an absolute nullity, without them. This the law maker has not said; and in the construction of statutes, courts always require such a declaration, from the legislature, or a belief in the legislative intention, arising from the particular character of the enactment, to enable them to pronounce acts null and void. That intention is not believed to exist here, because the latter part of the article shews us, the object of it is to enable the defendant to examine the copies of the acts, if he should require it. Now the object of this legislation is effectually obtained. by securing to the defendant the right of refusing to answer until the documents on which the action is based are filed with the petition.

The next objection is, that in which we have been given to understand the judgment of dismissal was rendered below, and it is, that the plaintiffs have not annexed to their petition an oath that the debt is justly due and unpaid, and that payment has been in vain demanded, thirty days before bringing suit.

This decision of the inferior tribunal has proceeded from the judge confounding two modes of proceeding, entirely distinct in our jurisprudence, and by having taken the rules furnished for correcting one action, and having applied them to another, to which they ought not, and cannot

SMITH
*vs.*
BLUNL.

have any application. In the *via executiva* where an order of seizure and sale issues on the showing of one party, without hearing the other, the law requires a strong *prima facie* case. Documents clothed with the highest degree of authority: the oath of the party that the money is due; and in the case of a third possessor, the declaration of the creditor that he has, thirty days before, demanded the money from the principal debtor. In the *juicio ordinario,* when the defendant is cited, heard, and judgment rendered after issue joined, there is no necessity for these precautions *in limine litis.* Indeed the oath of the creditor would be mere superogation. It could not add to his right, nor prove it. The court, therefore, erred in sustaining the exception. Such of the matters as were necessary to the plaintiff's right of recovery, might have been shewn on the trial, and did not require the oath of the creditor on filing the petition.

*The affidavit required when the mortgagee proceeds by the via executiva against a third possessor is not required in the Juicio ordinario.*

Of these matters, a demand made thirty days previous to the institution of the suit was one. This is a condition precedent to the right of a mortgage creditor to recover from the third possessor, and it was because no such demand was proved *on the trial* in the case of *Broussard* vs. *Phillips,* cited by the appellee, that judgment was rendered against the petitioner.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, that the exceptions be overruled, and the cause remanded to be proceeded in according to law, the appellee paying the costs of appeal.