ROBICHAUD vs. WORSHAM.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, THE JUDGE THEREOF
PRESIDING.

In no case does the law allow the hypothecary action to be brought against a third possessor, until after a demand on the original debtor has been unsuccessfully made.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The plaintiff purchased at a sheriff's sale under an order of seizure and sale, a tract of land of two arpents in front. He afterwards discovered that the person against whom the order had been obtained was in possession of one-half of the tract only, the other half being in possession of the defendant, under a title which was subject to the mortgage on which the order of seizure and sale had been obtained.

Considering himself subrogated by the payment of the debt to the mortgagee's rights, he instituted a suit against the defendant. He prayed that he might be cited, and decreed to elect between paying one-half of the debt and surrendering the land, and that on his refusal to do so, the land might be decreed to be sold.

The defendant excepted to the petition, and required the plaintiff to elect, himself, one of the alternatives he proposed, and confine his claim thereto.

The exception being sustained, the plaintiff amended his petition, and prayed that the defendant might be decreed to pay the one-half of the debt, and that in default the land might be sold.

The defendant now excepted to the petition and prayed for the dismissal of it, on the ground that there was no allegation, on oath, that the plaintiff had within thirty days made an amicable demand on the mortgager without success.

The exception was sustained, the petition dismissed, and the plaintiff appealed.

EASTERN DIS.   It does not appear to us that the court erred.   There is no
June, 1832.    allegation of a privity of contract between the parties.   The
CODDINGTON    defendant can only be rendered liable in the hypothecary
ET AL.        action.
vs.
TUPPER ET AL.    The Code of Practice, 69, provides that if thirty days after
an amicable demand made on the debtor, the hypothecary
debt has not been paid, the creditor may bring his action
against the third possessor of the property sold, if he do not
within ten days after receiving notice of such a demand, pay
the debt.

Another article requires the creditor's oath that the debt is
really due, and has been so demanded.   70.

In no case      It is true the hypothecary-action is not, in the present case,
does the law   brought by the *via executiva*, that is to say, does not begin by
allow the hy-
pothecary ac-  an order of seizure and sale, but the third possessor is brought
tion to be     in the *via ordnaria*, *i. e.* by citation.
brought     a-
gainst a third    The law has made no distinction authorizing a difference
possessor until
after a demand  as to the mode of proceedings.   It does in no case allow the
on the original
debtor     has  hypothecary action against the third possessor, till after a
been    unsuc-
cessfully made  demand on the original debtor has been unsuccessfully made.
See also, *Civil Code*, 3364.

It is, therefore, ordered, adjudged, and decreed, that the
judgement of the District Court be affirmed, with costs.