ESTATE OF M. MAILLON, f. w. c., *v.* HENRY BOYCE.

When the defendant, in a petitory action, prays for oyer of the title papers under which plaintiff claims, the plaintiff is bound to file them on the day fixed by the order of the court, under the penalty of a dismissal of the suit.

An order of survey will not withdraw a case from the consideration of the court during the delay fixed for the return of the survey, as in case of an order of continuance.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J.

*W. B. & J. C. Lewis,* for plaintiff and appellant. *J. K. Elgee,* for defendant.

MERRICK, C. J. The plaintiff's counsel states his case as follows :

"The facts on which the decision of this appeal depends are these : In December, 1858, *Lyttleton Bailey,* administrator of the estate of *Merrique Maillon,* brought suit against *Henry Boyce,* for certain tracts of land confirmed and patented, the one to the legal representatives of *Jean Baptiste Vallery,* and the other to the legal representatives of *Joseph Maritaurus,* and through them derived to plaintiff. On the 3d of May, 1859, defendant filed, in open court, a motion praying for oyer of the documents sued on. To this motion the court responded, by ordering the documents to be filed on or before May 9th. On the 12th of May, plaintiff not having filed the documents called for, the court, on motion of defendant's counsel, dismissed the suit.

" On the 14th of May, plaintiff filed a motion for new trial, on the following grounds :

" 1st. That the only legal effect and consequence of his failure to file his title papers on the day fixed by the court, was to relieve the defendant from the necessity of answering, and was no sufficient reason for dismissing the petition, as in case of nonsuit.

" 2. That subsequently to the order to file documents, to wit, on the 7th May, the court, on motion of plaintiff's counsel, granted an order of survey, returnable on the first Monday of its next term in November, 1859, and thereby continued the case ; thus placing it beyond its jurisdiction and control, unless by consent of parties.

" This motion being overruled, plaintiff has found it necessary to seek relief at the hands of this honorable court."

Article 174 of the Code of Practice requires, that when the action is founded on a notarial or public act, an authenticated copy of it must be annexed to the petition, in order that it may be communicated to the defendant, if he require it.

By Article 175, it was provided, that if the title, on which the demand is founded, be an act under private signature, it must be annexed, in order that the defendant may be enabled to confess or deny his signature. This latter Article was amended by the Act of 1826, so as to dispense the plaintiff from the necessity of filing the original act with his petition, " provided, that if the defendant pray a view or oyer of the document declared upon, the court shall order the same to be filed within a reasonable delay, *and in default of plaintiff's complying with said order, his petition shall be dismissed.* Phillips' Dig. p. 91, sec. 5.

The Article 175, as amended, is *in pari materia* with Article 174, and by the well known rules of construction, they must be considerd together. The conse-

MAILLON
v.
BOYCE.

quence of the refusal to comply with the Judge's order to produce the copies of the authentic titles which the plaintiff ought to have annexed to his petition, must be the same as in [the case of a private act under the amended Article 174. The penalty for a disobedience of the Judge's order, should be the same in the one case as the other.

The order of survey did not rescind the previous order, and was only obtained on the supposition that the order to produce title papers would be complied with. It did not have the effect of withdrawing the cause from the consideration of the court during the delay fixed for the return of the survey as a formal order of continuance might have done.

The case of *Smith's Heirs* v. *Blunt,* 2 La. 133, relied upon by plaintiff, is not entirely analogous. In that case, there was *no order* of court requiring the plaintiff to produce the copies of the public acts. Defendant claimed a dismissal of the action, on his exception, because the plaintiff had neglected to file such copies with his petition. The court very properly held, that it was no ground for dismissing, and intimated that it would be a sufficient protection to the defendant to allow him the right of refusing to answer until the documents on which the action is based, should be filed.

In the present case, the District Judge, exercising the discretion vested in him, fixed a delay within which the plaintiff was to file the papers forming his title. The reasonable penalty for a disobedience of the order was a dismissal of the suit, as prescribed by the statute.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.