The opinion of the court was delivered by
Manning, C. J.
Mark Gouder was appointed tutor to the plaintiff' in 1859, and gave bond for six thousand dollars, which was recorded. At that time he owned a tract of land in Morehouse of two hundred and twelve acres, which through several mesne conveyances has become the-property of the defendants. This suit is to enforce her mortgage upon it..
The tutorship was terminated by the marriage of the plaintiff in 1866. She and 'her husband took a rule in 1869 upon Gouder to file an account of the tutorship. He filed a partial account, and asked for further time to complete it. In January 1871 they had a settlement. The- *1191 indebtedness of the former tutor was fixed in round numbers at two thousand dollars, and they agreed to separate it into six equal instalments, the first of which he paid cash, and for the others, gave his five notes maturing from one to five years after the settlement. This suit was instituted in 1875, and service was made in September and October of that year on the two defendants. Gouder has not been sued at any time on these notes.
The action is hypothecary, and is based upon the mortgage resulting from recording the tutor’s bond in 1859, and from recording a statement of the tutor’s indebtedness prior to 1870, under the Constitution of 1868 and the act of the general Assembly thereunder.
The defendants except on several grounds, of which only these need be noticed, 1. That the thirty days demand has not been made of the debtor prior to the institution of this action; 2, that affidavit of the existence of the debt was not made by the plaintiff; 3, that the alleged claim of the plaintiff has not been judicially ascertained, and determined contradictorily with her debtor. In their answer, they plead in defence, that the plaintiff has made a voluntary and extra-judicial settlement with her tutor, which releases his bond, and the mortgage created by the tutorship.
It is a condition precedent to the institution of the hypothecary action, that amicable demand shall have been made of the debtor for the payment of the hypothecary debt thirty days previous to bringing the suit. Code of Practice, art. 69. The demand, contemplated and provided for by this article has not been made. The only demand of' which there is any proof is the ten days demand made of the third possessor, and we have no means of knowing that even that was made prior to the filing of the suit, since this Record presents the singular feature of not exhibiting the filing, or the date of filing, of any paper copied in it. The ten days notice is dated Aug. 24,1875, was received by the sheriff on the 27th., and served on 28th. of same month. When the suit was filed does not appear. For aught that the Record shews, it may have been filed before the notice was issued or served. The citation upon the petition was served on one defendant Sept. 20, and on the other Oct. 9. But assuming that the suit was not filed until after the expiration of ten days from Aug. 28th., the date of service of that notice, there is still wanting any evidence of the demand upon the debtor thirty days before.
The testimony of Gouder, who now lives in Texas, was taken under commission, and he was asked if demand of payment of the notes had not been made of him. He answered that demand of the payment of each note, as it matured, had been made of him by the plaintiff’s counsel by letter. This is not the demand contemplated by the Code of Practice as the necessary precursor to the institution of the hypothecary *1192 •action against a third possessor of property, but the demand ordinarily ■made of a maker of a note prior to the institution of a suit against him personally for the recovery of the amount of the note. The formal demand, as set forth in the article above cited must be made, or the action fails. Broussard v. Philips, 6 New Series, 310. Robichaud v. Worsham, 4 La. 125.
It is also proscribed that the creditor who brings the hypothecary action must declare on oath that the debt is really due him, and that he has demanded payment of his debtor thirty days previous to bringing the suit. Code of Practice, art. 70. But it has been held that where the creditor proceeds via ordinaria, such oath is not necessary. Smith v. Blunt, 2 La. 132. Gravier v. Baron, 4 La. 239.
There was no judicial ascertainment of the sum due by the tutor to his ward. Gibbs v. Lum, 29 Annual, 531. Long after she had become sui juris, she made an extra-judicial settlement with her tutor of his tutorship, and by concert with him established a fixed sum as the amount due her, and voluntarily entered into an arrangement with him, whereby the sum due was divided in several instalments, the first of which was paid cash, and the last was not to be paid until five years thereafter. Eve i if such voluntary and extra-judicial settlement of a tutor’s accounts be sufficient to base an hypothecary action against property alienated by him, and in the ownership of a third possessor, a question not necessary now to be decided, we think such settlement, made as in this case with postponement of the time of payment to a distant day, and by the •acceptance of the tutor’s individual obligations in lieu of the security of his bond, and the legal mortgage resulting from recording it, destroyed the right of the former ward to have recourse upon the property of the tutor which had passed into the possession and bona fide ownership of third persons.
The plaintiff took the settlement of her tutorship out of the hands of the law, and made one for herself, by the terms of which she must abide. To permit her to adjust her accounts with her former tutor, as her inclination or his suggestion prompted, and after that arrangement had become unproductive of benefit to her, to pursue the third possessors ■of his property through the hypothecary action, would be introducing a new and additional harsh feature in that proceeding, and would open the door to collusive settlements which might work incalculable injury. The judgment; of the lower court is erroneous.
It is ordered, adjudged, and decreed that the judgment of the lower •court is avoided and reversed, and that there be now judgment in favour ■of the defendants against the plaintiff upon her demand, and for her ■costs in the lower court, and the costs of appeal.
Renearing refused