## WAPLES *v.* HAYS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF LOUISIANA.

Decided November 6th, 1882.

*Confiscation—Mortgage—Subrogation.*

1. A mortgaged real estate in New Orleans to B. Proceedings being taken against it under the Confiscation Acts as the property of A, B intervened. The estate was condemned and sold to C, and the proceeds paid to B under decree of court. After the death of A, suit was brought on behalf of his heirs to recover possession of the property : *Held*, that C acquired the life estate of A; that the heirs of A were entitled to recover; and that neither the United States nor C was subrogated to the rights of B; also,

2. That under the practice of Louisiana, C could not, after going to trial on the petition, object that it was defective by reason of not setting forth the deed under which he claimed title.

The questions presented in this case arose on the following facts :

On the 7th of August, 1863, proceedings were begun in the District Court of Louisiana for the condemnation of three lots of ground in New Orleans seized under the act of July 17th, 1862, 12 Stat. 589, ch. 195, as the property of Harry T. Hays. The property when seized was encumbered by a mortgage from Hays to E. A. Bradford. On the 27th of November, 1863, Bradford appeared in the suit in response to the monition and filed a petition of intervention, in which, after setting up his mortgage, he asked to have his rights recognized as superior to the United States, and that the property confiscated might be sold and the proceeds applied to the payment of what was due to him. On the 23d of January, 1865, a sentence of condemnation was entered and a sale ordered, "the proceeds to be distributed according to law, the legal rights of the intervenors being reserved for further action hereafter." An order of sale was issued to the marshal on the same day the sentence of condemnation was granted. On the 23d of February a judgment was entered on the intervention of Bradford, in which it was "ordered, adjudged, and decreed that there be a judgment in his favor for the sum of six thousand dollars . . . . with special mortgage upon the three lots." After this judgment was entered, the marshal sold the property under the sentence of condemnation to Waples, the plaintiff in error, for six thousand dollars, and on the 27th of March, all the proceeds, except what were required for the costs, charges, and taxes, were paid over to Bradford, "in part satisfaction of his judgment and mortgage." The United States realized nothing from the condemnation. Harry T. Hays having died, the present suit was brought on behalf of his children to recover the possession of the property from Waples. Upon the trial, the foregoing facts appearing, the court charged the jury that the plaintiffs were entitled to a verdict. The verdict having been rendered in accordance with the charge and a judgment given thereon against Waples, he brought this writ of error.

*Mr. Hornor* for the plaintiff in error. The lien holder had the right to appear and intervene. *The Sallie Magee*, 3 Wall. 451; *The Hampton*, 5 Wall. 372, 375. Having intervened, he

was entitled to be paid out of the proceeds. *Alexander* v. *Jacob*, 5 Martin (La.) 632. On the other hand, the United States was bound to exhaust the property, in order to pay the mortgage. *United States* v. *Hawkins*, 4 Martin N. S. (La.) 317.; *Thelussen* v. *Smith*, 2 Wheat. 396, 425; *Parsons* v. *Wells*, 17 Mass. 419, 425. Under these circumstances, the decree of condemnation was, in fact, a judgment of foreclosure, and left nothing in Hays. *Wallach* v. *Van Riswick*, 92 U. S. 202; *Pike* v. *Wassell*, 94 U. S. 711; *French* v. *Wade*, 102 U. S. 132. The ancestor having contingently alienated the land, the heirs cannot recover without first refunding the money. The pleadings preclude the defendants in error from setting up title.

*Mr. Jonas* and *Mr. Merrick* for defendants in error.

Mr. Chief Justice Waite delivered the opinion of the court. After stating the facts as above, he said:

It was settled in *Bigelow* v. *Forest*, 9 Wall. 339, 350, and *Wallach* v. *Van Riswick*, 92 U. S. 202, that ordinarily the estate acquired by a purchaser of real property condemned and sold under the confiscation act of July 17th, 1862, terminates with the life of the person for whose act it was seized. The only question in the present case is whether Waples, the purchaser, occupies a different position because of what was done with reference to the Bradford mortgage. We think he does not. The sale was made on the sentence of condemnation alone. The only suit ever begun was that by the United States to secure a condemnation under the law. Bradford intervened for the protection of his interest in what was to be condemned. He could not in that suit foreclose his mortgage on the property. All he could get and all he sought to get was payment out of the proceeds of any sale ordered in consequence of the condemnation. His mortgage covered the fee, but the suit in which he intervened was in its legal effect only to subject the property for the life of the mortgagor. He was interested as well in what was to be condemned as in what remained after the condemnation was exhausted. As his lien was not condemned, his rights under it would have been superior to the title acquired by Waples but for his application

to be paid from the proceeds. Having made his application and got the proceeds, the interest in the land bought by Waples was relieved from his lien, but in no other respect was it enlarged. The only effect of the intervention was to give Waples the title to his tenancy for the life of Hays free of the lien of the mortgage. Whether Bradford can proceed against the property in the hands of the heirs for the recovery of the balance that remained due to him after the application of the proceeds of this sale, is a question we need not consider.

Neither are the United States or Waples subrogated to the rights of Bradford under this mortgage. To the extent of the proceeds actually received by Bradford his debt has been *paid* out of the mortgaged property. He got what he did because of the lien given him by Hays on the fee before the cause of forfeiture arose. This lien, it was adjudged in the condemnation suit, could not be condemned under the seizure that had been made, and so to secure to the purchaser a title to the property for the life of Hays the proceeds of the sale were applied to the extinguishment of the encumbrance that would otherwise have rested upon that estate for life. In this way Waples got all the title the United States undertook to convey; that is to say, an unencumbered right to the use and enjoyment of the property during the life of Hays. It is true that the United States realized no money from the sale for its own use, but that does not alter the rights of Waples. He bought the property for the life of Hays, and that was all he bought. His position was that of a tenant for the life of another. The death of Hays terminated his tenancy.

On the trial the plaintiffs offered in evidence the deed under which Hays took his title. This was objected to because it had not been set forth in the petition, and was not attached thereto, and the lots were not described in the petition as required by sec. 174 of the Code of Practice of Louisiana. This objection was properly overruled. It is well established in Louisiana that if the defendant goes to trial on a petition defective in this particular he waives the objection. *Smith* v. *Blunt*, 2 La. 133; *Maillon* v. *Boyce*, 14 La. Ann. 621.

*The judgment is affirmed.*