EASTERN DIS.
*July*, 1832.

GRAVIER
ET AL.
*vs.*
BARON ET AL.

---

### GRAVIER ET AL. *vs.* BARON ET AL.

#### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A mortgage creditor may proceed either in the place where the defendant has his domicile, or in that where the mortgaged property is situated.   Where the former mode of pursuit is adopted, proceedings must necessarily be in the *via ordinaria;* and, in such a case, the oath of the creditor is not required as a preliminary foundation to his action.

No order of court is necessary to give effect to the recording of a judicial mortgage.

The judgement of the court must be in conformity with the prayer of the petition.

When partial payments are made of a debt bearing interest, the amount paid is to be deducted from the aggregate of principal and interest; and if the balance left does not exceed the principal it carries interest.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

In this case the plaintiffs claim a lien under a judicial mortgage on a tract of land situated in the parish of St.

EASTERN DIS.
July, 1832.

GRAVIER
ET AL.
vs.
BARON ET AL.

Mary, said to contain fifteen arpents in front, on each side of the bayou Teche, with the ordinary depths; which is in the possession of the defendant, Baron, under a title from the persons called in warranty, who are purchasers from Jean Gravier, as evidenced by a notarial act, passed before P. Pedesclaux, on the third of April, 1815. The judgement, by virtue of which the mortgage is claimed, was obtained against Jean Gravier, the vendor to the Carraby's, on the first of June, 1824, and recorded in the parish of St. Mary, where the land in question lies, on the fifth of August of that year, and before the act of sale of 1815, from the debtor to the persons now cited in warranty by the defendant, was there recorded.

The cause was submitted to a jury in the court below, who found a verdict in favor of the plaintiffs for ten thousand three hundred and eighty-three dollars and forty-five cents, with legal interest from the eighth of August, 1830; and also found for the defendant, against the warrantors, a similar verdict. Judgement was rendered on these verdicts, and appeals taken by the parties against whom they were rendered.

An exception was pleaded to the manner of pursuit adopted by the plaintiffs. A plea to the jurisdiction of the court, in which it is alleged that the defendant not being personally responsible for the debt claimed by the plaintiffs, their only legal mode of proceeding is by the *via executiva*, in an hypothecary action, directly against the mortgaged property, in the hands of the third possessor, which would necessarily bring the cause before the jurisdiction of the parish of St. Mary, where said property is situated. This exception was overruled by the court below, and, we think, properly. In cases like the present, the law gives a choice to plaintiffs to prosecute suits either in the place where the defendant has his domicile, or in that where the mortgaged property is situated. *C. P. arts.* 162–3.

Where the former mode of pursuit is adopted, proceedings must necessarily be in the *via ordinaria;* and, in such a case,

A mortgage creditor may proceed either in the place where the defendant has his domicile, or in that where the mortgaged property is situated. Where the former mode of pur-

the oath of the creditor is not required as a preliminary foundation of his action. See 2. *L. Rep.* 135. It is shown that a demand was made on the principal debtor thirty days before the institution of the present suit, so that the parties were legally brought before the tribunal of the first instance.

The decision of the court below seems to bear hard on the persons called in warranty. It is clear that they are *bona fide* purchasers; and, as such, may well have considered themselves as absolute owners of the property in dispute, free from all liens and encumbrances for upwards of nine years before it was subjected to the mortgage of the plaintiffs. But, however hard, and apparently unjust the judgement obtained by the appellees may operate on the appellants, we are of opinion that it is supported by law. According to the provisions of the act of the 25th March, 1810, "no notarial act concerning immovable property has effect against third persons until the same shall have been recorded in the office of the judge of the parish where such immovable property is situated." 3 *Martin's Digest, p.* 140, § 8 *of the act.* This law has already received an interpretation by a judgement of this court in the case of *Carraby* vs. *Dismares et al.*, lately decided. In relation to third persons, the act of sale, not recorded, is considered as void.

But it is contended in the present case, that the mortgage of the plaintiffs ought not to prevail over the title of the defendants. 1. Because the warrantors, the immediate vendees of Jean Gravier, were in actual possession of the mortgaged property before the judgement of the plaintiffs was recorded in the parish where it is situated. 2. Because this judgement was never legally recorded, as there was no order of court authorizing it to be recorded.

The evidence of the case does not show that the purchasers of the tract of land from Gravier, took actual and corporeal possession of it. The only kind of possession they ever had is merely civil, as evidenced by the payment of taxes which were assessed in the name of their vendor. The sale to Baron, who is in possession, and has made improvements on the

*Margin notes:*
EASTERN DIS.
*July,* 1832.

GRAVIER
ET AL.
*vs.*
BARON ET AL.

suit is adopted, proceedings must necessarily be in the *via ordinaria*; and, in such a case, the oath of the creditor is not required as a preliminary foundation to his action.

31

GRAVIER
ET AL.
vs.
BARON ET AL.

No order of court is necessary to give effect to the recording of a judicial mortgage.

land, was made long since the recording of the plaintiff's judgement. This part of the defence, therefore, fails.

As to the necessity of an order from any court to give effect to the recording of the judgement, it is believed that none such is required by law. A just construction of the articles 52 and 53 of the Old Code, found at page 464, relied on by the counsel for the appellants, does not, in our opinion, require such order to record a judicial mortgage; and the difficulty of complying with the requisition of these articles of the code in relation to conventional mortgages, was fully stated in the judgement of this court in the case of *Morrison et al.* vs. *Trudeau*, wherein it was settled that such order is not necessary to make the recording effectual against third persons.

The third possessor, considered as holding the property in good faith, should he be obliged to abandon it to the mortgagee creditors, would be entitled to compensation for the improvements made by him on it. This compulsory relinquishment being in the nature of an eviction. *O. Code, p.* 462, *art.* 48, and *art.* 3370 of the *L. Code.* But he has waived his claim to compensation by express consent filed in writing in this court. This part of the case need not, therefore, be taken into consideration.

The judgement of the court must be in conformity with the prayer of the petition.

The judgement of the court below is, however, erroneous, in condemning him personally and absolutely to pay the amount adjudged; it should have been in the alternative, as prayed for in the petition. The objection to its correctness, on the ground of compounding interest, is without foundation. The judgement which is the basis of the judicial mortgage, was rendered for twenty-two thousand and eight dollars. This amount had been reduced, by payments, to the sum now claimed. Interest, at the rate of five per centum per annum, was decreed on the whole sum adjudged, and it does not appear that any interest has ever been calculated on an aggregate amount of principal and interest exceeding the principal sum. When partial payments are made of a debt bearing interest, the amount paid is to be deducted from the aggregate of principal and interest; and if the balance left does not exceed the principal, it carries interest.

When partial payments are made of a debt bearing interest, the amount paid is to be deducted from the aggregate of principal and interest, and if the balance left does not exceed the principal, it carries interest

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed and annulled; and it is further ordered, adjudged, and decreed, that the defendant Baron do pay to the plaintiff the sum of ten thousand three hundred and eighty-three dollars, with legal interest from the eighth day of August, 1830; or that he surrender the mortgaged property to be sold to satisfy this judgement. It is further ordered, adjudged, and decreed, that this defendant Baron do recover from the parties cited in warranty, the said amount of ten thousand three hundred and eighty-three dollars, with interest as above stated. The defendants to pay the costs of the court below; those of this court to be borne by the plaintiffs and appellees.

*Denis,* for plaintiffs.

*Schmidt,* for Baron.   *Seghers,* for Carraby.