Hollander v. Nicholas.

## JOHN HOLLANDER *v.* ROBERT CARTER NICHOLAS.

An overseer, though entitled to a privilege on the crop for the payment of his wages, cannot maintain an action against his employer in the parish in which the plantation is situated, where the domicil of the latter is in a different parish. The privilege granted by law to overseers, is, like all others, an accessory to the principal obligation, and must follow it.

APPEAL from the District Court of St. Mary, *King,* J.
*Maskell, T. H. Lewis,* and *W. B. Lewis,* for the plaintiff.
*I. P. Conrad,* and *Splane,* for the appellee.

GARLAND, J. The defendant, a resident of the parish of St. James, was sued in the parish of St. Mary, by his overseer on a plantation in the latter parish, to recover $1500, his wages for the year 1841. The plaintiff alleges that he has a privilege on the crop of sugar made on the plantation ; and, on his affidavit that the defendant was removing a part of the same out of the jurisdiction of the District Court of St. Mary, a writ of provisional seizure was asked for and issued, which was levied on a portion of the crop. The account filed with the petition shows, that the wages were not due until the 1st of January, 1842, and this proceeding was commenced eleven days previous. The defendant excepted to the jurisdiction of the court, as he was not a resident of the parish in which he was sued, which exception was sustained ; and the plaintiff is appellant from a judgment of dismissal.

It is admitted that the defendant is the owner of a large plantation in the parish where he was sued, but has his domicil in St.

James. The plaintiff contends that, as he has a privilege on property in St. Mary to secure the payment of his claim, he has a right to institute his action for the principal demand there, on the ground that it would be very inconvenient for him to sue the defendant at his domicil, and that his privilege might be lost by the delay and necessity of going to a distant parish, to obtain the process necessary to preserve it. He contends that there ought to be an exception in his favor.

The privilege accorded by law to overseers to secure the payment of their wages, is, like all others, an accessory to the principal obligation, and must follow it. The doctrine contended for would make the principal subservient to the accessory. The exception is not made by law, and cannot be allowed by us. Civ. Code, arts. 3153, 3184. Code Prac. arts. 162, 284.

*Judgment affirmed.*