THE SECOND MUNICIPALITY OF NEW ORLEANS *v.* RICE GARLAND.

An action of revendication of real property may be instituted before the court within whose jurisdiction the property is situated, though the domicil of the defendant be in another district, or before the court of his domicil, at the option of the plaintiff. C. P. 163.

The Commercial Court of New Orleans has no jurisdiction of petitory or possessory actions. Act of 14th March, 1839, s. 3. But where an exception to its jurisdiction on that ground, has been improperly overruled below, the Supreme Court will examine and decide the case on its merits, under the fourth section of the act of 14th March, 1839, which declares that "no judgment rendered in the Commercial Court shall be void for want of jurisdiction, but in case it be determined that the court had not jurisdiction of the case, the court to which the appeal is taken shall condemn the plaintiff to pay all costs in the court of the first instance, though a judgment may be rendered in the Supreme Court in his favor."

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MARTIN, J. The plaintiffs claim the recision of a lease by them given to the defendant, the delivery of the premises, payment of the rent due, and damages. The jurisdiction of the court was excepted to by the defendant on the score of commorancy, and *ratione materiæ.* Both exceptions were overruled; and the defendant answered, admitting the lease of the lot, the execution of his notes for the rent, and averring the payment of the first three notes. He added that afterwards, and before any of the other notes became due, he applied to the Council for a recision of the lease, offering the surrender of the premises, and consenting to lose the amount of the notes which he had paid. He further urged that he frequently called upon the chairman of the committee to which his application had been referred, and to the member of the council who had presented his petition, without ever being able to learn whether it had been acted upon; that from conversations with the above gentlemen, and the absence of a call for payment of the notes sued on, he was induced to believe that his proposition would be accepted, and consequently took no steps to improve the premises, or dispose of the lease. The court gave judgment, annulling the lease, directing the lot to be restored to the possession of the plaintiffs, and con-

demning the defendant to pay the amount of his notes, with, interest from their maturity.*   The defendant appealed.

By the act establishing the Commercial Court, it is provided that none of its judgments shall be void for want of jurisdiction, and that if on a plea to its jurisdiction being overruled, this court should determine that it was not properly so, the plaintiff shall be condemned to pay all the costs below, although the judgment of this court be in his favor.   B. and C's Digest, page 235, no. 4.   We are, therefore, to inquire, in the first place, whether the judgment appealed from is to be reversed or affirmed ; for if it be reversed, it will be unnecessary to examine whether the exception was improperly overruled or not, as, in either case, the plaintiff will have to pay the costs.

On the merits, judgment was properly rendered for the plaintiffs.   By the contract, the lessee was to erect certain buildings within three years.   This not being complied with, the Council passed a resolution, extending the time on certain conditions, and declaring that, upon the lessee's failure to comply therewith, the lease should be annulled.

The defendant gave notice of his willingness to have the lease annulled, but claimed to be exempted from the payment of back rents.   The first judge was of opinion that the pretension of the defendant rested upon a metaphysical subtlety, which cannot, be admitted; that there is no reason why the word " annul" should embrace the past, and not be confined to the future ; and that the whole context of the resolution contradicts the construction contended for, as it would be absurd to infer from it that the Municipality intended to exact the back rents from those who complied with the provisions of said resolution, and to relieve therefrom those who did not conform to the same.   It does not appear to us that the court erred.

The clause in the act creating the Commercial Court, which we have already cited, is extremely general ; and, if we were to hold that it admits of no exception, there would be no judgment of that court which we could reverse for want of jurisdiction.

---

* The notes were for the sum of $125 each.   The judgment below was for $500, with interest.

Tho Second Municipality of New Orleans v. Garland.

The difficulty is to discover in what cases exceptions may be made by the judiciary, when the legislator has not made any. *Ubi lex non distinguit, nec nos distinguere debemus.* The exclusive jurisdiction vested in the courts of probate for the settlement of successions, probating of wills, appointment of tutors, curators, &c, would probably authorise us to prevent the interference of the Commercial Court in such cases. The present action, however, is a *mixed* one. The plaintiffs revendicate a lot of theirs leased to the defendant, for the non payment of the rent and a breach of the conditions of the lease. This forms an exception to that part of the Code which requires defendants to be sued in the courts of their domicil. Code of Practice, art. 163. The exception of commorancy was, therefore, properly overruled. But as this demand is in the nature of a petitory, or possessory action, which is excluded from the jurisdiction of the Commercial Court by the act erecting it (B. and C's. Digest, p. 234, no. 3), we are of opinion, that the exception *ratione materiæ* was incorrectly overruled, and that the costs below must be paid by the plaintiffs.

It is, therefore, ordered and decreed, that the judgment be affirmed ; the plaintiffs paying the costs below, and the defendant those of this court.*

*Rawle*, for the plaintiffs.

*Hamner*, for the appellant.

---

*\*Hamner*, for a re-hearing. It is admitted in the opinion of this court, that the Commercial Court was without jurisdiction ; but the appeal has been maintained under the peculiar provisions of the act establishing that court. The unconstitutionality of those provisions was so palpable, so far as they relate to the Supreme Court, that it was not thought necessary to notice it in the points filed. If the court *a qua* was without jurisdiction, it is trifling to say that the case had been tried before it, simply because evidence had been heard and an opinion expressed by the judge. There may have been the *form* of a judgment ; but nothing more. It is the authority vested by the sovereign power, which makes all the difference between an *opinion* and a *judgment*, and makes the latter obligatory. The interpretation given by the opinion of this court to the statute creating the Commercial Court, would give the latter tribunal jurisdiction over every man in the State, if caught here and served with process.

*Re-hearing refused.*