## Scott et al. *v.* Bowles.

Slaves, being immovables, a plaintiff may institute an action for their recovery either in the parish in which they actually are, or in that of the domicil of the defendant. The fact of their belonging to a succession does not exempt the representative of it from the operation of this rule. C. P. 163, 983.

A petitory action must be instituted against the person in actual possession of the property claimed, who, if he disclaim the ownership, must disclose the name and residence of the owner, when the action should not be dismissed, but the plaintiff should be allowed to cite the real owner. C. P. 43.

APPEAL from the District Court of Bossier, *Olcott,* J. *Lawson,* for the appellants. *Gilbert* and *Landrum,* for the defendant. The judgment of the court was pronounced by

KING, J. This is a petitory action, instituted by the plaintiffs in the parish of Bossier, against the defendant, to recover a number of slaves, to which they assert title, and $800 for their hire. The defendant excepted to answering to the petition, averring that he had no title to, or possession of, the slaves claimed in the petition, in himself; that he possessed them as administrator of the succession of *Seth Sheldon,* deceased, which was opened in the parish of Caddo, where *Sheldon* had his domicil, and where the defendant resided. He denied the jurisdiction of the court, and prayed that the suit might be dismissed. The evidence established the facts as alleged in the exception; and further, that the slaves claimed were in the parish of Bossier, on a plantation belonging to *Sheldon's* succession, and had there been inventoried. The district judge dismissed the action, and the plaintiffs have appealed.

Slaves, being immovables by the operation of law, the plaintiffs had their election, to institute an action for their recovery either in the parish where the property was situated, or at the domicil of the defendant. The fact that they belong to a succession does not exempt the representative of the succession from the operation of this rule. C. P. arts. 163, 983. 11 Rob. 389. 4 La. 240.

This, being a petitory action, the plaintiffs were required, by express legislation, to institute it against the person in actual possession of the property claimed. If the party thus sued disclaim ownership, he must disclose the name and residence of the owner, who is to be made a party to the suit. C. P. art. 43. The court should have considered the exception of the defendant only as a disclaimer of ownership or possession in his individual right, and a disclosure of the true character of his possession, and have permitted the plaintiffs to cite the defendant and his co-administrators, in their representative capacities, to defend the action.

The judgment of the District Court is, therefore, reversed, and the cause remanded to be proceeded with according to law; the appellee paying the costs of this appeal.