## H. F. PETERSON v. NOLAN STEWART.

An execution issued upon a judgment cannot be enjoined upon the ground of payment, without the party applying for it giving security.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Moise* and *Randolph*, for plaintiff. *R. H. Marr*, for defendant. The judgment of the court (*Eustis*, C. J. absent,) was pronounced by

SLIDELL, J. *Nolan Stewart*, having obtained judgment against *Peterson*, took out a *fieri facias*, and thereupon *Peterson* applied for an injunction, upon the ground that the judgment had been paid ; the court granted the injunction, without requiring from *Peterson* a bond with surety. *Stewart* then took a rule to show cause why the injunction should not be set aside, upon the ground that no bond had been required or given. The district judge dismissed the rule, and *Nolan Stewart* has appealed.

The sole question before us is, whether a judgment debtor is entitled to enjoin a *fieri facias* upon the ground that the judgment has been paid, without giving bond with surety.

The appellee relies, in support of the ruling below, upon the 739th and the 740th articles of the Code of Practice. These articles are found under the head of "Executory Process," and authorize a party against whom an order of seizure and sale has issued, to arrest it by injunction, on the ground of payment or compensation, without giving bond and surety. They do not, in terms, cover the case of a *fieri facias*, issuing upon a judgment rendered in this State, from the court wherein the judgment was rendered; and the legislation *in pari materia*, forbids us to apply them to such a case. The Code of Practice, in an earlier portion of that work, treats generally of the subject of injunction, and after enumerating, in article 498, the cases in which an injunction may be obtained, requires the applicant to give bond with a good and solvent surety, residing within the jurisdiction of the court, for such sum as the court may determine, to secure the payment of such damages as may have been sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained. In 1826, an act amendatory of the Code of Practice, was passed. By the 6th section, it was enacted, that in addition to the cases enumerated in article 298, injunctions may be granted in all cases, to stay execution, where payment is alleged to have been made after judgment rendered; where compensation is pleaded against said judgment; or where the sheriff is proceeding on said execution contrary to some provision of law, upon the petitioners making affidavit of the facts alleged, in order to obtain the injunction, and upon complying with the requisites prescribed by law. The requisites contemplated are obviously those

contained in the article 304. In the year 1831, the Legislature, to check the abuse of the remedy of injunction, enacted, "that on the trial of injunctions, the surety on the bond shall be considered as a party plaintiff in the suit; and, in case the injunction be dissolved, the court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest, at the rate of ten per cent per annum on the amount of the judgment, (meaning the judgment, the execution of which is enjoined) and not more than twenty per cent as damages, unless damages to a greater amount be proved, and the sureties, in such case, shall not be allowed to avail themselves of the plea of discussion."

Looking therefore, on the one hand, to the restricted language of the article 739, and the restricted scope of the chapter of the code in which it is found; and on the other hand, considering that the injunction of the execution of judgment has been ingrafted upon that portion of the code which treats of injunctions generally, and that the subsequent legislation distinctly contemplates that where the execution of a judgment is enjoined, a bond with surety is given, we are necessarily led to the conclusion that the appellee should not have been permitted to arrest the execution without giving security. See also *Dashiell* v. *Lesassier*, 15 L. R. 103. *Morgan* v. *Driggs*, 17 L. R. 183.

It is therefore decreed, that the judgment of the district court be reversed; and that the order granting the injunction be set aside, and the injunction dissolved; the plaintiff in injunction, to pay the costs of the order of injunction and its execution, of the rule to set aside the injunction, and of this appeal.