## No. 695.—L. F. GENERES et als. *v.* EDWARD SIMON

A party holding a mortgage entitling him to executory process to enforce it, may proceed *via ordinaria* against the mortgagee, either in the parish of his domicile and residence, or in the parish where the mortgaged property is situated. C. P. 163.

All petitions addressed to courts are required to be written in the English language, but where a portion of a petition, not essential, and without which the cause of action would still remain, is written in the French language, the petition will not be dismissed because it is not entirely written in the English language.

APPEAL from the District Court, parish of St. Mary. *Gates*, J. *McMillan & Mossy*, for plaintiffs and appellees. *DeBlanc & Perry*, *A. L. Tucker*, *Gary & Fournet*, for defendant and appellant.

HOWELL, J. The plaintiffs, holders of several promissory notes, made by the defendant, a resident of the parish of St. Martin, and secured by an hypothecary act importing a confession of judgment, instituted this action by the *via ordinaria* in the parish of St. Mary, where the mortgaged property is situated, and asked that the defendant be cited and condemned to pay the amount of their respective claims, and that their mortgage be recognized and enforced against the property described.

Two questions are presented for our consideration by defendant's exceptions:

*First*—That the action is exclusively a personal action, and as such ought to have been brought in the parish of St. Martin, at the defendant's domicile.

The general rule in civil matters is, that one must be sued in the parish of his domicile, and shall not be permitted to select any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law. C. P. 162. The next article (163), provides .expressly for actions like this, in which the hypothecary rights are sought to be enforced. It says:. "In actions of revindication of real property, or where proceedings are instituted, in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation, importing confession of judgment, the defendant may be cited, whether in the first instance, or in appeal, either within the jurisdiction where the property revindicated or hypothecated is situated, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses."

The application of this article to suits of this character has been fre quently recognized. See 2 N. S. 374; 4 L. 240; 3 A. 637; 15 A. 346.

*Second*—That in disregard of the provisions of our constitution a considerable portion of plaintiffs' original petition is written in the French language.

Article 103 of the constitution of 1864, relied on by defendant, provides that "the laws, public records and the judicial and legislative written proceedings of the State shall be promulgated, preserved and conducted in the language in which the constitution of the United States is written." The portion of plaintiff's petition in French is the description of the property, as contained in the act of mortgage, and the question is, does this conflict with the above article?

The word proceeding, in its general acceptation, means the *form* in which actions are to be brought and defended, the *manner* of intervening in suits, the *mode* of deciding them, of opposing judgments and of executing them. The *forms* are different in ordinary, executory and summary proceedings. C. P. 146. The form in the ordinary proceeding is by petition and citation.

"A petition is a written document, which the plaintiff addresses to a competent judge setting forth the cause of the action which he intends to bring against the defendant, and praying to be permitted to cite that defendant before him, that he may be ordered to do or to give a certain thing." C. P. 171.

The petition, setting forth the cause of action, must be in the English language; but if a plaintiff chooses to insert in it any part of the evidence of his demand, the petition will not be defective because that part is in the French language. If omitted, the petition would still contain the object of the demand and the cause of the action—the written *proceedings* in the case would be in the English language. If the petition in all its essential parts, the citation and the other material portions of the proceedings were in French only, and not in English, the objection of defendant would apply. But if in English and also in French, the constitutional provision invoked would be complied with. We cannot see that the proceedings in this case have not been conducted in the English language. The exceptions were properly overruled.

It is therefore ordered that the judgment appealed from be affirmed with costs.