## No. 800.

## ELBERT GANTT *v.* EATON & BARSTOW.

A prayer in this Court by a defendant, in answer to an appeal taken by his codefendant, that the judgment of the district court be reversed, and the case be remanded for a new trial, is not an appeal, which must be applied for and granted in the court *a qua.* Here is, in fact, a co-appellee, not a codefendant, and between appellees a judgment is not to be disturbed.

The jurisdiction of the court of the parish where property is sought to be made liable in an hypothecary action, can not be questioned.

Where a judgment was rendered for more than the petition claimed, the *remittitur* should have been entered before the judgment ,was signed, and should have appeared in the transcript.

There is no reason why the purchasers of property should not legally bind themselves *in solido* for the payment of the price; if the act of sale does not stipulate solidarity, and the notes do, this is sufficient. Parties may bind themselves as they see fit, and, as they bind themselves, so must they be held.

The plea that an agent had no right to stipulate the solidarity of the obligation sued on, is a matter of special defense, which should have been set up in defendant's answer. It can not be urged in error to a judgment rendered and confirmed by default.

Where the act of sale, which was offered in evidence, contained the recital of a power of attorney, and the power was not denied, the act was sufficient to prove what it related.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *King,* J. *B. A. Martel & Hudspeth,* for plaintiff and appellee. *Albert Voorhies* and *Henry L. Garland,* for defendants.

MORGAN, J. Plaintiff sold to Eaton & Barstow, commercial co-partners residing in the city of New Orleans, a certain plantation,

situate in the parish of St. Landry. The consideration of the sale was part cash and part in promissory notes. In so far as Eaton was concerned the purchase was made by Barstow under a power of attorney. The notes given were made in solido by the makers. Since the sale Barstow has been living in St. Landry ; Eaton lives in New Orleans.

This suit was instituted in January, 1872. Its object is to recover from the defendants, in solido, the amount of one of the notes for $10,000, which formed a part of the purchase price, less some payments thereon, which the petition admits have been made; to cause his mortgage and vendor's privilege on the land sold, and which was in possession of the defendants at the time the suit was instituted, to be recognized, and asking that the same be sold to satisfy his debt.

Barstow was served personally in the parish of St. Landry. Eaton was served by leaving a copy of the petition and citation at his domicile in the city of New Orleans. Neither party filed answers. Default was entered against them. The default was confirmed and made final, and a judgment rendered against them in solido for $10,000, with interest at eight per cent. from first January, 1870, less the following credits : $800 interest paid first January, 1871 ; $3000 paid February 6, 1871; $2000 paid twenty-fourth February, 1871, and $500 paid March 18, 1871. He was also decreed to have a special mortgage and vendor's lien on the property sold, and it was ordered that the property be seized and sold according to law, for an amount, in cash, sufficient to pay the mortgage note sued on, with costs, and all mortgage notes then due and unpaid, and bearing upon the property, and on a term of credit to correspond with the installments of the purchase price yet to fall due, to wit : $10,000 due January 1, 1873.

From this judgment Eaton appealed. He made Barstow a party to the appeal, who, in his turn, in this court, prays that the judgment be reversed. As regards him, we can not interfere. He has not appealed, and we have no authority to question a judgment rendered against him of which he does not complain. It is true, as above stated, that in this court, in answer to the appeal taken by his codefendant, he prays that the judgment of the district court be reversed and the case remanded for a new trial, but this is not an appeal which must be applied for and granted by the district judge. In fact, he is a co-appellee, and between appellees, the judgment is not to be disturbed.

Eaton contends that the judgment must be reversed as to him, because he is a resident of the parish of Orleans, and the District Court of the parish of St. Landry was without jurisdiction over him. He relies upon article 162 C. P. ; 21 An. 258 ; 23 An. 255.

In our opinion the case is governed by article 163 C. P. ; 2 N. S. 374; 4 L. 240; 3 An. 637; 15 An. 346. And it can not be distinguished

from the case of Generes *v.* Simon, 21 An. 653, which followed the decisions above quoted, all of which maintained the jurisdiction of the court of a parish where the property was sought to be made liable in a hypothecary action.

He contends that the judgment under appeal has none of the characteristics of a real or hypothecary action; that it is strictly *in personam,* recognizing the existence of the mortgage, and to support the proposition, that, under such circumstances, the defendant must be sued at his domicile, he refers to several authorities. We do not contest the correctness of the decisions referred to. But we think the learned counsel for the appellant is mistaken in his conclusion that the judgment in question has none of the characteristics of an hypothecary action. The prayer of the petition, in terms is, that the property described be declared subject to the mortgage, and that it be sold to satisfy the same.

His second objection is that the judgment was rendered for more than the petition claimed. It seems to be conceded that credit was not given in the judgment of $2000 paid on the note of the fifteenth February, 1871, and in this the appellant has cause to complain. The appellee contends that he has entered a *remittitur* for this amount. But this does not appear in the transcript of appeal, and although it appears by a document attached to appellee's answer to the appeal, to have been filed in the Recorder's office, this is not sufficient; we can not notice it. The *remittitur* should have been entered before the judgment was signed, and should have appeared in the transcript. This, however, is no ground, for the reversal of the judgment. It is a good ground upon which to reduce it.

He next contends that the suit was prematurely brought, before the compliance on the part of the plaintiff with his stipulations in the act of sale as to the last installment of $10,000. The act provides that the note shall not be due and payable until Gantt shall have made a satisfactory title to a certain portion of the property sold by him to the defendants, and which he had purchased at sheriff's sale, in the suit of Bentley *v.* McCamet, and the mortgage resulting from the judgment of Garland *v.* King and Gantt should have been removed. There was error in that portion of the judgment which ordered the property to be sold on a term of credit to meet this payment. The amount was not due, and might never become due. But this defect in the judgment may be corrected here.

It is further contended that the property having been purchased for planting purposes, the partnership was an ordinary one, and that the defendants are bound jointly, and not in *solido.*

Real estate purchased by commercial partners, does not make the partners commercial partners with reference to the estate purchased;

they are ordinary partners.   But while the partnership may be an ordi-
nary one, the obligations of the partners with reference to the purchase·
of the estate may be solidary.   Parties may bind themselves as they
see fit, and as they bind themselves so must they be held.     We see no
reason why the purchasers of property can not bind themselves in
*solido* for the payment of the price.   He contends that the act of sale
does not stipulate solidarity.   But the notes do, and this is sufficient.
He contends further that Barstow had *no right*, as agent of John Eaton,.
to stipulate the solidarity of his obligation.     This was a matter of
special defense which he should have set up in answer to the demand.
which was made upon him.   It can not be urged as error to a judgment
rendered and confined by default.   Neither was it necessary, as is con-
tended, that he should have introduced the power of attorney from.
Eaton to Barstow under which the plantation was purchased.   The act
of sale, which was offered in evidence, contained the recital of the
power of attorney, and as the power was not denied, the act was suffi-
cient to prove what it related.

   The last ground urged for a reversal of the judgment is that the·
plaintiff failed to produce the last note of $10,000, which he alleges.
he had in his possession, and on which the judgment ordered the sale·
of the property.   The answer to this objection is, we think, that suit
was not instituted on this note, and that the property is not ordered to
be sold to pay it.

   It is therefore ordered, adjudged and decreed that the judgment of
the   District Court as to the defendant   Barstow be affirmed.   It is
further   ordered that as to the defendant Eaton it be amended by.
reducing the judgment on the note sued on two thousand dollars in,
addition to the sums already credited thereon; and that as to that
part of the judgment which decrees the sale of the property to be made on,
a credit, in order to meet the payment of the last note of $10,000, forming·
part of the purchase price, that it be amended so as to make it corre-·
spond with the terms of the sale, to wit: until the plaintiff shall have
made a satisfactory title to the sixty-eight acres of land purchased by
him at sheriff's sale, in the suit of Bentley *v.* McCamet, and the mort-·
gage resulting from the judgment of Garland *v.* King and Gantt shall
have been removed.

   It is further ordered that as between the plaintiff and appellee and.
Eaton, the costs be borne by the appellee.