### No. 3407.

### M. H. MEYER *v.* A. FREDERICK.

The defendant removed to the city of New Orleans a certain sawmill, engine and other fixtures, from mortgaged premises on which they stood. For which removal he is sued in damages by the plaintiff, who claims that he holds on the tract of land to which they were attached a vendor's privilege and special mortgage. The removal was effected under the written authority of one of the owners of the property. Some time afterwards, said sawmill, engine and fixtures were purchased by the defendant, who had removed them in the manner above stated.

At the time of the sale to defendant, said objects were movable property and in no way affected by the mortgage.

The fact that defendant was employed by the owner to remove the property, created no legal obligation against him in favor of the mortgage creditor, nor did his purchase of it subsequently have that effect.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. M. Grivot,* for plaintiff and appellant. *C. E. Schmidt & Seghers,* for defendant and appellee.

WYLY, J. The plaintiff sues for $2115 damages, on the ground that

he sustained loss to that amount by the illegal act of the defendant in tearing down a sawmill and moving off and selling it with the engine, fixtures etc., from a tract of land to which they were attached and upon which he held a vendor's privilege and special mortgage; that without the sawmill the land is valueless, and that the damage sustained is equal to the amount of the mortgage. The court rejected the demand and the plaintiff appeals.

The defendant removed the sawmill and fixtures from the mortgaged premises to this city under a written authority from George Warner, one of the owners of the property. When he bought it from Warner, some time afterwards, it was movable property, and in no manner affected by the mortgage. The fact that he was employed by the owner to remove the property created no legal obligation against him in favor of the mortgage creditor; nor did his purchase of it subsequently have that effect.

Judgment affirmed.