SOMMERYILLE, J.
Relator, one of the defendants in this cause, alleges: That this suit was brought via ordinaria against Frederick N. Oertling, a mortgage debtor and principal defendant, residing in the parish of Orleans, to have recognized a mortgage given by him to secure a part of the purchase price of certain property in Washington parish, La., bought by Oertling from the Cranor Lumber Company; the mortgage notes being held by plaintiffs.
That in plaintiffs’ petition they further allege that defendant Oertling had entered into a second contract with some third persons to cut the timber on the mortgaged land, and that he, Oertling, had given the relator as surety on that timber contract for the faithful performance thereof, and that relator, as surety, had agreed with Oertling that, in the event of Oertling failing to carry out his portion of the contract for cutting timber, the surety company should enter upon the land, and carry ont the contract to its fulfillment. That, under said agreement, relator had entered upon the land, had taken charge of the property, and had begun operating thereon and cutting timber and selling same for its own account and to reimburse itself at the expense of the petitioners as against any loss it has or may suffer: because of the bond it executed for the said Oertling. Relator then alleges that the foregoing allegations of plaintiffs constitute a charge of trespass against your relator; that your relator is a corporation, and that an action in damages would lie against it for any of its acts; that a preliminary injunction had issued on the petition of plaintiffs, restraining defendants Oertling and relator “from cutting and selling any of the standing timber sold by the petitioners to said F. N. Oertling and situated at and near Yarnado, Washington parish, on the property described in the petition, and further restraining them from selling or removing any of the logs or lumber located at and near Varnado, Louisiana, and standing timber that relator filed a motion to dissolve the injunction as to it on the ground that the civil district court for the parish of Orleans was without any right or jurisdiction to issue the same; that plaintiffs ruled relator into court, and asked that it be punished for contempt for an alleged violation of the injunction, and that relator answered that the civil district court was without jurisdiction; that the pleas to the jurisdiction of the court as to the injunction and the rule for contempt were tried concurrently; and that the injunction was maintained and a fine imposed upon relator for contempt.
Relator asks that a writ of prohibition issue directed to the judge of division B of *771 the civil district court forbidding him to proceed further in said cause.
[1] The judge of the civil district court, division B, has made return, forwarding the record in the cause. The original petition alleges that both Oertling and relator are domiciled in the parish of Orleans, while the mortgaged property is located in Washington parish; and the proceeding is in accordance with the terms of article 163, O. P.:
“In actions of revendication of real property, or when proceedings are instituted in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation importing confession of judgment, the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction where the property revendicated or hypothecated is situated, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses.”
The application of this article in suits of this character has been frequently recognized. Nathan v. Lee, 2 Mart. (N. S.) 34; Gravier v. Baron, 4 La. 240; Scott v. Bowles, 3 La. Ann. 637; Scott v. Turner, 15 La. Ann. 346; Generes v. Simon, 21 La. Ann. 653; Gravier v. Baron, 4 La. 239; Hollander v. Nicholas, 3 Rob. 7; Gantt v. Eaton, 25 La. Ann. 508.
[3] We have examined the petition, and the allegation of relator “that it (the petition) further set up a trespass by your relator on said real estate, and alleged a trespass by your relator,” is not sustained. After alleging that Oertling had failed to perform his part of the contract of purchase, that he was in default, and that legal proceedings were necessary, plaintiffs allege:
“Petitioners now show': That the said Frederick N. Oertling, after he acquired the said property, made a contract with a third person, by which he agreed to cut from the timber acquired by him from petitioners certain piling and lumber.
“That he gave a bond signed by the Commonwealth Bonding & Casualty Insurance Company, a corporation organized by the laws of Arizona, and authorized to do business in this state, and, having a local agent domiciled in this parish and state, to secure his faithful performance of the said contract to deliver piling and lumber as aforesaid.
“That he agreed with the said bonding company to let it take charge of the said sawmill, and to cut the timber sold by petitioners in the event he defaulted in his said contract.
“That he did turn the said sawmill over to the said bonding company, and the said company is now operating same, selling the timber sold by petitioners to the said Oertling, converting same into lumber and selling same for its own account, and to reimburse itself at petitioners’ expense against any loss which it has or might suffer because of the bond it executed for the said Oertling,” etc.
There is no allegation in the petition that this relator has trespassed, upon the land in Washington parish; on the contrary, it is expressly stated in the paragraphs quoted that relator entered upon the land by and with the consent of the owner, Oertling. There could not have been a trespass with the owner consenting that relator should enter upon his land and cut timber.
[2] The motion to dissolve the injunction filed by the relator in the trial court is based on the allegation that:
_ “The court is without jurisdiction in relation of the subject-matter in this suit, because the property described in said petition and the acts complained of therein are alleged to have been performed and to be performed in the parish of Washington, state of Louisiana.”
Relator does not allege that it is not domiciled within the jurisdiction of the civil district court. Relator then asked that the injunction be dissolved and for a money judgment in damages. And, in answer to the rule for contempt, relator answered;
“That this court was absolutely without jurisdiction to issue the said writ of injunction, and that the said writ was therefore null and void, all as shown by the said petition and order filed in this case.”
The only question passed upon by the trial judge, therefore, was as to the jurisdiction of the civil district court when the mortgaged land, or real estate, was located in the parish of Washington, and defendants were domiciled in New Orleans. In the case of Hayden, Syndic, v. Yale & Bowling, 45 *773 La. Ann. 362, 12 South. 633, 40 Am. St. Rep. 232, we say in the syllabus:
“Equity acts in personam primarily, and, when a person against whom relief is sought is within its jurisdiction, the court may make a decree upon the ground of an act or contract, or an equity subsisting between the parties, respecting property situated beyond its jurisdiction, or to prevent anything- being done abroad, whether the thing forbidden be a conveyance, or other act, in pais, or the institution or prosecution of an action in a foreign tribunal. And, as a necessary corollary of that power, such court may order the person violating the principles of equity to restore the proceeds and avails of the reprobated transaction as justice may require, and in accordance with the lex loci rei sitae.”
Rulings to the same effect are found in other jurisdictions. In the case of Cole v. Cunningham, the Supreme Court of the United States, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538, in the course of their opinion, said:
“The jurisdiction of the English Court of Chancery to restrain persons within its territorial limits under its jurisdiction from doing anything abroad, whether the thing forbidden be a conveyance or other act in pais,_ the institution or prosecution of an action in a foreign court is well settled.”
In Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181, Chief Justice Marshall speaking for the court said of an action which was instituted in Kentucky to compel a conveyance of the legal title to land situated in Ohio:
“This court is of opinion that in a case of fraud, of trust, or of contract the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.”
And in Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, the court say:
“Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the lex loci rei sitse which he could do voluntarily, to give effect to the decree against him. Without regard to the situation of the subject-matter, the courts consider the equities of the parties and decree in personam according to those equities, and enforce obedience to their decrees by process in personam.”
Judge Story announces a similar doctrine:
“It - is now held that, whenever the parties are resident within a county, the courts of that county have full authority to act upon them personally with respect to suits in a foreign county as the ends of justice may require, and, with that view, to order them to take, or to omit to take, any steps and proceedings in any other court of justice, whether in the same county or in any other foreign county.” Story’s Equity Juris. §§ 899, 900.
There is an allegation in plaintiffs’ petition that this relator has its domicile in the city of New Orleans, which allegation has not been put at issue. The case has not been tried on its merits. The motion to dissolve the injunction is based exclusively and solely upon the ground quoted above, to the effect that the action of relator complained of by petitioners took place in Washington parish, out of the jurisdiction of the civil district court. •
The application for the writ of injunction was ancillary to the main demand, of which the civil district court had unquestioned jurisdiction; and it follows that' the injunction addressed to the defendants, Oertling and relator, the latter acting under the direction and authority of Oertling, was properly issued by the court of defendants’ domicile.
The rule nisi is recalled, and the application is denied, at relator’s cost.