weeks, dating from April 9, 1920, the date of the death of her husband.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiff, Izella Gaines Bell, have judgment against the Albert Hanson Lumber Company, Limited, in the sum of $9.67 per week, beginning April 9, 1920, for 300 weeks, and that defendant pay the costs of this suit.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

=====

(92 South. 353)

No. 25231.

## MARINE BANK & TRUST CO. v. SHAFFER et al.

### In re SHAFFER et al.

(May 1, 1922. Rehearing Denied by Division A June 5, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Certiorari** ☞64(1)—**Question of validity of judgment not passed on below cannot be brought out.**

On certiorari and rule to show cause why proceedings in execution of a judgment should not be restrained, the question of the validity or invalidity of the judgment, which has not been passed on by the district court, cannot be brought up.

2. **Mortgages** ☞380—**Mortgagee by act containing confession of judgment may enforce by executory process or via ordinaria.**

The holder of a note secured by mortgage by act importing a confession of judgment had the right to enforce the judgment either by executory process or via ordinaria.

3. **Execution** ☞172(2) — **Injunction against will not issue without bond, though debt had been paid or judgment by confession obtained without citation, etc.**

Under Code Prac. arts. 739, 748, 749, an injunction will not issue without bond to arrest the execution of an ordinary judgment recognizing a mortgage under an act importing a confession of judgment on allegations that the debt had been paid before judgment, or that the judgment was rendered without citation and without issue joined by answer or otherwise.

Suit by the Marine Bank & Trust Company against John D. Shaffer and others. An application for an injunction was denied, except on condition that bond be given, and defendants apply for writs of certiorari and prohibition. Application dismissed.

Harris Gagne, of Houma, for applicants.

Terriberry, Rice & Young, of New Orleans, and J. A. O. Coignet, of Thibodaux, for Bank.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. On February 1, 1921, John D. Shaffer, B. Randolph Shaffer, John D. Shaffer, Jr., and Miss Mary Frances Shaffer executed to their order and indorsed in blank two promissory notes, each for the sum of $30,000, due and payable on January 1, 1922. The notes were given for advances in money, goods, and necessary supplies to be made to the makers during the year 1921 to enable them to cultivate and to carry on their planting operations on their sugar plantation situated in the parish of Terrebonne. In order to secure the payment of the two notes, the signators executed by authentic act, in favor of the Bank of Houma, La., and the Marine Bank & Trust Company of New Orleans, a pledge and pawn of all of the crops of every kind and character raised on said plantation during the said year 1921, and in addition to the said crop pawn and pledge the makers of said notes in the same act granted a special mortgage in favor of said banks on their said plantation, together with all of the immovables by destination, as further security for the two notes. The act, besides importing a confession of judgment stipulated that in the event the holder or holders of the notes should not desire to resort to executory process, the makers of the notes agreed that the said

holder or holders of the notes "may file suit in any court of competent jurisdiction, and obtain judgment immediately by virtue of the confession of judgment in the act of mortgage contained." On February 6, 1922, the Marine Bank & Trust Company filed a petition in the district court of the parish of Terrebonne, praying for judgment for the balance due on one of the notes amounting to $23,432.79 with interest and 10 per cent. attorney fees. On the same day judgment was rendered on the confession for the amount sued for. Execution was issued on the judgment, and certain property of the judgment debtors was seized and advertised for sale. The defendants thereupon filed a suit to annul the judgment, on the ground that the said judgment was rendered without citation or answer filed or issue joined, and on the further ground that the note had been paid and extinguished in full before said judgment was rendered. The prayer was for an injunction to issue without bond, arresting the further execution of said judgment, and that on a trial that the said judgment be declared null and void and ordering it canceled. The district judge declined to issue the injunction without bond, but did sign an order for an injunction on the applicants' giving bond in the sum of $5,500. The case is before us on a writ of certiorari and a rule on the plaintiff bank and the sheriff to show cause why said parties should not be restrained from proceeding any further in execution of the judgment complained of.

### Opinion.

[1-3] 1. We are not presently concerned with the question of validity or invalidity of the judgment. That matter has not been passed on by the district court, and is not and could not be brought up in this proceeding. The fact is that a judgment on the confession was rendered by the district court, and that judgment, so far as the record shows, has not been appealed from, and could not be

151 LA.—27

appealed from. The holder of the mortgage note, being in possession of an act importing a confession of judgment, had the undoubted right to enforce the mortgage, either by executory process or via ordinaria. Gantt v. Eaton, 25 La. Ann. 508; Fulton v. Oertling, 131 La. 768, 60 South. 238. In making choice of the latter remedy, whether the mortgagee, under the act importing a confession of judgment and the agreement of the mortgagors, could take judgment on the confession without citation and the ordinary delays is a question not before us for determination. The sole question is as to whether the applicants were entitled to an injunction against the execution of the judgment, without giving bond and security. It is contended in behalf of the applicants that, under their allegations of payment of the notes sued on, and under their allegation that the judgment was rendered pro confesso without citation, without answer filed, and without issue joined, they were entitled of right to an injunction without bond the same as in executory process where payment is sworn to. In answer to the rule herein issued, the district judge, the judgment creditor, and the sheriff say that the seizure of the applicants' property was under a writ of fieri facias duly issued on a judgment regularly rendered by a competent court for a specific sum of money, which judgment was final, and that the execution of the judgment could only be enjoined by the defendants upon their furnishing bond to be fixed by the court. The counsel for applicants have not cited us to any authority which gives them the right to enjoin a seizure under a fi. fa. issued on a judgment regularly rendered, without giving a bond and security, and our research has not enabled us to find any authority which would authorize the issuance of an injunction in such a case without bond. We are certain that the Code of Practice contains no provision giving the right to enjoin the execution of a moneyed judgment without bond, even where

it is alleged that the judgment had been paid or for any reason the judgment was an absolute nullity, and the jurisprudence has not sanctioned any such procedure. In Peterson v. Stewart, 6 La. Ann. 808, it was held that a fi. fa. cannot be enjoined without bond and security, on the ground that the judgment had been paid. It can make no difference whether the judgment on which execution is issued, recognizes and orders the enforcement of a mortgage or not. When a mortgagee, with an act importing a confession of judgment, elects to proceed via ordinaria, the execution of the judgment so obtained is to be proceeded with according to and is governed by the rules provided for the execution and enforcement of ordinary judgments. The execution debtor in such a case can only enjoin the writ of fi. fa. on giving bond to be fixed by the judge.

The Code of Practice prescribes (article 748) that the defendant against whom an order of seizure has been obtained by virtue of a judgment, as stated above (referring to preceding articles) may obtain an injunction to stop the sale of the property seized, if he alleges under oath that the judgment has not acquired the force of res judicata, because he has appealed from it or because it is void by the law of the place where it is rendered. And article 749 provides that the defendant may also obtain an injunction. On alleging under oath any of the causes which prevent the sale of property mortgaged or otherwise bound by virtue of an act importing a confession of judgment. But in the cases mentioned, the judge is not authorized to grant an injunction without requiring bond. It will be seen that even in executory process, where a creditor has obtained a judgment having the force of res judicata, in a tribunal of this state different from that in which he seeks the execution, the defendant is not entitled to enjoin the execution without giving bond. The only authority to be found in the Code of Practice giving the right to an injunction without bond is contained in article 739, and the rule is applied to executory process in its true sense as defined in the Code, and the right is restricted to the cases designated in that article. An injunction without bond and security will not issue to restrain an order of seizure and sale, except on a sworn allegation of one or more of the specific causes enumerated in Code of Practice, art. 739. Gillaspie v. Scott, 32 La. Ann. 767; Hodgson v. Roth, 33 La. Ann. 941; Koch v. Godchaux, 46 La. Ann. 1385, 16 South. 181; Taft v. Donnes, 105 La. 703, 30 South. 112. Our conclusion is that an injunction will not issue without bond to arrest an execution of an ordinary judgment which recognized a mortgage under an act importing a confession of judgment, on an allegation that the debt had been paid before the judgment was rendered; nor will an injunction issue without bond on an allegation that such judgment was rendered without citation and without issue joined by answer or otherwise; that the law authorizing injunction without bond under certain specified conditions in executory process cannot be made to apply to injunctions arresting a seizure under a fi. fa.

For the reasons assigned, it is ordered and decreed that the order, granting the application of relators, is recalled and the application is dismissed at their costs.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.