AYRES, Judge.
This is an action in tort, instituted by plaintiff as the former holder of a conventional mortgage executed by one Elliott J. Blanton covering his residence, against defendant, a public utility corporation, for damage to the mortgaged property, allegedly arising out of defendant’s installation therein of a central air-conditioning system under a contract with Blanton, the property owner-mortgagor. To plaintiff’s petition, defendant interposed an exception of no cause of action and a plea of prescription of one year. The former was overruled and the latter was referred to the trial of the merits of the case. Thereafter, defendant answered with reservation of all rights under both exception and plea and denied the commission of any act or the existence of any fault upon which an action in damages might be based, and further alleged that, by written agreement between it and the property owner, it installed in the residence a Servel air-conditioning unit with necessary equipment and accessories. In the contract, Blanton reserved unto himself all carpentry and painting, in order to minimize the cost of the installation.
*136 After trial of the case on its merits, there was judgment rejecting plaintiff’s demands, and, from that judgment, he prosecutes this appeal.
The record discloses that plaintiff held a conventional mortgage on the house and lot from June 9, 1961, until September 25, 1962, at which latter time he proceeded against the property by executory process, resulting in his purchase of the property at judicial sale. Between the two aforementioned dates, that is, on August 8, 1962, and at a time when plaintiff had no greater interest in the property than that of a mortgagee, the defendant, pursuant to the contract, installed the central air-conditioning system in the residence. This installation was completed and the system placed in operation August 20, 1962. The carpentry work, however, required in connection with the construction of a return-air chase in the dining area of the house and the lowering of the ceiling between an air duct running the length of the hall, which work the owner reserved to himself, was not completed. Thus, the only unfinished work was that specifically reserved, under the provisions of the contract, to the owner himself.
That such work was not done was no fault of defendant It has not been suggested that the mortgagee’s consent or permission was necessary before the homeowner could contract with defendant for the purchase and installation of an air-conditioning system for use on the mortgaged premises. Nor is it contended that defendant had any obligation in connection with the work reserved and undertaken by the mortgagor.
In Meyer v. Frederick, 26 La.Ann. 537 (1874), the plaintiff sought recovery of damages for an act of the defendant in dismantling a sawmill and other machinery on a tract of land upon which plaintiff held a vendor’s lien and mortgage. The dismantling and the removal of the machinery from the premises by the defendant was carried out under a written contract with the owner-mortgagor. Under these circumstances the court held there was no basis for liability on the part of the defendant to the mortgagee. The court, in so holding, stated:
“The fact that he [defendant] was employed by the owner to remove the property created no legal obligation against him in favor of the mortgage creditor; * * * «
In Fulton v. Oertling, 131 La. 768, 60 So. 238 (1912), it was held that, even though plaintiff held a mortgage on the property, a third party entering upon the land and cutting timber thereon, with the consent of the owner, could not have committed a trespass inasmuch as he did so with the consent of the owner.
The general rule prevailing in this State is, as it has been so many times held, that liability ex delicto cannot exist without fault. Lange v. Illinois Cent. R. Co., 107 La. 687, 31 So. 1003, 1008 (1902); Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934) ; Wiley v. Sutphin, 108 So. 2d 256, 260, La.App., 2d Cir.1958; Wilson v. Eagle Gas Company, 154 So.2d 270, La. App., 2d Cir.1963; Salley v. State Farm Mutual Automobile Ins. Co., 157 So.2d 638, La.App., 2d Cir.1963. This principle, recognized in the jurisprudence, is predicated upon statutory rules. For instance, in LSA-C.C. Arts. 2315 and 2316, it is declared that every act of man that causes damage to another obliges him by whose fault it happened to repair it, and that every person is responsible for the damage he occasions, not merely by his act, but by his negligence, his imprudence, or his want of skill.
With the aforesaid codal provisions in mind, the court, in Lange v. Illinois Cent. R. Co., supra, observed that
“Under the express terms of the law any damage which is occasioned by one person to another renders the latter responsible for the same, whether it result from an act, from negligence, or from im *137 prudence or want of skill, whenever the occasioning act, negligence, imprudence, or want of skill rises to the point of being a ‘fault,’ unless there be some provision in the law withdrawing some particular case or class of cases from the operation of this rule.”
However, it is not contended here that this action involves any exception to the aforesaid general rule that liability generally does not arise without fault. Defendant owed plaintiff no legal ditty in connection with the installation of the air-conditioning unit. Hence, there was no, nor could there be, breach thereof. Neither fault on the part of the defendant nor damage to plaintiff occasioned by defendant’s acts was established. Hence, the judgment rejecting plaintiff’s demands is correct.
Further comment upon the exception of no cause of action and plea of prescription would ordinarily appear unnecessary. We. may point out, however, that the allegations of plaintiff’s petition are no broader than the proof offered in their substantiation. Therefore, inasmuch as the proof offered failed to establish a cause of action, plaintiff’s allegations likewise failed to state or disclose a cause of action.
The plea of prescription likewise appears to be meritorious. The acts of. which plaintiff complains were completed in August of 1962. This action was filed March 20, 1964. An action in tort is prescribed in one year, under LSA-C.C. Art. 3536, from the date the damage was sustained, except as noted in LSA-C.C. Art. 3537, where “land, timber or property has been injured, cut, damaged or destroyed,” in which event prescription runs from the date the knowledge of such damage is received by the owner. Where, however, a trespass complained of occurs more than one year prior to the filing of the action to recover damages therefor, the burden is UDon a plaintiff to negate the prescription by establishing that he was not placed on notice or had no knowledge of any such damage until within a year of the institution of the action; otherwise, it is presumed prescription has run its course. Lay v. Garriga, 19 So.2d 665, 667, La. App., 2d Cir.1944.
The record is void of any suggestion that plaintiff did not receive notice of the installation herein involved prior to one year of the filing of this suit. Even so, an affirmative basis exists for sustaining the plea inasmuch as plaintiff admitted that, when he visited the home in November of 1962, he had knowledge of the installation.
Accordingly, for the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.